**INSTITUT PASTEUR and Centre National De La Recherche Scientifique**

v.

**Adam J. SIMON, Ph.D.**

**Civil Action No. 98–727.**

United States District Court, E.D. Pennsylvania.

June 17, 2005.

Albert J. Breneisen, Christopher L. Ogden, Patrice P. Jean, Richard S. Gresalfi, William G. James, Kenyon and Kenyon, Daniel F. Schiff, James B. Swire, Dorsey & Whitley, LLP, Richard F. Albert, Lankler, Siffert & Wohl, New York City, David W. Marston, Jr., Thomas B. Kenworthy, Morgan, Lewis and Bockius LLP, Lynn Collins, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Mari Shaw, Obermayer, Rebmann, Maxwell & Hippel LLP, Paul Kennedy, Pepper Hamilton LLP, Philadelphia, PA, Jerold I. Schneider, Dorsey & Whitley, LLP, Washington, DC, for Plaintiff.

Clifford E. Haines, Haines & Associates, Daniel M. Cohen, H. Laddie Montague, Jr., Peter R. Kahana, Berger & Montague, PC, Philadelphia, PA, Cutis B. Miner, Boies & Schiller, LLP, Armonk, NY, David Boies, Stephen R. Neuwirth, Boies & Schiller, LLP, Armonk, NY, for Defendant.

### MEMORANDUM/ORDER

POLLAK, District Judge.

On June 8, 2005, defendant Simon moved, pursuant to Federal Rule of Civil Procedure 56(f), for an extension of time to respond to a motion for partial summary judgment filed by plaintiffs Pasteur and CNRS—a motion which is directed at counts I, II and III of defendant's counterclaim and which argues that defendant has failed to show damages. The proposed extension of time would be until June 30, 2005. The stated reason for the proposed extension of time is that, according to defendant, by June 24, depositions of expert witnesses will have taken place, and that one of the expert witnesses to be deposed is Dr. Kathleen A. Denis, a plaintiffs' expert whose report, in rebuttal of two defense experts, is invoked by plaintiffs in support of their partial summary judgment motion. Defendant intends "to examine Dr. Denis, under oath, about the opinions on which Pasteur and CNRS rely in seeking partial summary judgment." Defendant argues that he should be granted the proposed extension of time to June 30— "four business days after the scheduled completion of expert discovery"—because "he should be provided an opportunity to complete the deposition of Dr. Denis be-

fore responding to the Pending Motion" [for partial summary judgment].

Plaintiffs, by letter of June 14, advised the court of their intention to file a statement of opposition to defendant's motion for an extension of time "by June 22, 2005, in accordance with the rules, unless the Court instructs otherwise." Being of the view that it would be desirable expeditiously to resolve a timing issue hardly of large substantive magnitude, this court on June 14 requested plaintiffs to file their opposition by June 16. Plaintiffs, in prompt and appreciated compliance, in a June 16 letter have now set forth their arguments in opposition to defendant's motion for an extension of time. Thus, defendant's motion is now ripe for disposition.

Plaintiffs' principal contention is that defendant's motion does not meet the requirements of Rule 56(f), which contemplates that a party seeking a continuance before responding to a summary judgment motion explain, by "affidavit," "the reasons stated" for requiring additional time to respond.[1]

Noting the importance of the affidavit requirement—an importance underscored in *McVan v. Bolco Athletic Co.*, 600 F.Supp. 375, 378 (E.D.Pa., 1984)—plaintiffs observe that defendant, "[i]n support of his motion ... provides only the declaration of his attorney, Stephen R. Neuwirth." The apparent implication is that the declaration by Mr. Neuwirth, an officer of the court, signed by him "under penalty of perjury," should not suffice to do service

as an affidavit within the meaning of Rule 56(f). No authority is cited, nor argument advanced, to support what would seem on the face of it to be an anomalous construction of the Rule.

More to the point is plaintiffs' contention that defendant has offered nothing but "unsupported speculation about what may be forthcoming if an extension is granted." *McVan, supra,* at 378. While defendant has explained that the purpose of the proposed extension is to permit the deposition of Dr. Denis to be drawn on in defendant's response to the partial summary judgment motion, defendant has not identified with any particularity just what elements of Dr. Denis's anticipated testimony may be expected to bolster defendant's case. Broadly, defendant contends that the partial summary judgment motion "relies in large part" on Dr. Denis's expert opinion, but plaintiffs note that in their memorandum in support of their motion for partial summary judgment they refer to the Denis report "in only two paragraphs and one footnote." What we have, in short, is the entertaining spectacle of defendant engaged in magnifying, and plaintiffs engaged in minimizing, the significance of the expert opinion of one of plaintiffs' experts. Since the partial summary judgment motion is not yet ready to be addressed, for the reason that defendant's response has not yet been filed, this court is, of course, not now in a position to determine what weight should attach to the Denis report. But it is clear that the

---

1. Plaintiffs also argue that defendant's motion for an extension of time is itself untimely. Extensive correspondence between counsel, and from counsel to the court, shows that defendant's motion should, indeed, have been filed some three weeks earlier than it was. But it is apparent that plaintiffs were at all times fully apprised of defendant's intention to seek an extension, and that defendant was at all times fully apprised of plaintiffs' opposition to an extension. Defendant is not enti-

tled to bonus points for failing to file its motion in timely fashion. But the failure is not contended to be jurisdictional. Since the motion is, as of today, June 17, fully briefed, and since the question to be answered is whether defendant should be permitted to delay his response to the partial summary judgment motion to June 30, it would seem overly formalistic to dismiss the motion on timeliness grounds rather than to resolve the motion on its merits.

eleven-page report addresses issues of manifest pertinence (*e.g.,* "The most likely estimate of the molecular combing technology is exactly what it is today—zero." P. 11). Whether, on deposition, defendant would be able to undercut, or modify, Dr. Denis's stated opinion, one cannot know in advance. But it appears to this court that Rule 56(f) contemplates that, given how brief an extension is required to embrace the Denis deposition, defendant should have that opportunity.

Exactly when Dr. Denis is to be deposed is something that, curiously, it appears that counsel for the parties have yet to agree upon. It is defendant's submission that all expert depositions are to be completed by June 24. But plaintiffs state that Dr. Denis will not return from Europe until June 25. Defendant posits June 30 as the proposed date for submission of defendant's response because it is "four business days" after the June 24 date when, according to defendant's understanding, expert depositions, including that of Dr. Denis, are to be completed. This court does not think four business days will be required for defendant to complete his response following the Denis deposition; three calendar days should suffice. So, given the current ambiguity as to which day Dr. Denis will be deposed on, this court will simply require the submission of defendant's response three calendar days after the Denis deposition, with the proviso that the parties schedule the deposition no later than June 27, so that defendant's response will be filed no later than June 30.

In sum, it is hereby ordered that defendant's motion for an extension of time is **GRANTED.** Defendant will file his response to plaintiffs' partial summary judgment motion within three calendar days after the deposition of Dr. Kathleen A. Denis, but no later than June 30, 2005.